(23 Misc. Rep. 262.)

### HEPNER v. MAYBURY.

(City Court of New York, General Term.  March 28, 1898.)

PROMOTER OF CORPORATION—COMPENSATION.

An officer and stockholder in a corporation cannot be held liable to a promoter, on the theory of ratification and acceptance, for services which were rendered by the latter in organizing the corporation, but which were ordered by some one other than the stockholder or any person authorized to act for him, unless the stockholder knew, or had reason to be aware, that they were being charged against him.

Appeal from trial term.

Action by Jacob Hepner against James H. Maybury. Judgment for plaintiff. From a judgment and an order denying a new trial, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and OLCOTT, J.

Hastings & Gleason, for appellant.
Arthur Falk, for respondent.

OLCOTT, J. This is an appeal by the defendant from a judgment against him entered upon a verdict, and from an order denying his motion to set aside the verdict and for a new trial. This action was brought to recover the sum of $250 and interest against this defendant and Henry E. Marshall and Charles I. Bolles. Marshall was not served with process, and Bolles defaulted. The plaintiff is the assignee of the claim of George W. Bryam, which arose out of the latter's services in organizing a stock company. The

defendant, Maybury, in his answer, denied that Bryam rendered any services for him, or upon his employment. On the trial this defendant duly excepted to evidence offered by the plaintiff of conversation between Bryam and other defendants when Maybury was not present. The learned trial justice allowed such evidence on condition that Maybury should subsequently be connected with the conversation. After plaintiff rested, this defendant moved to strike out the testimony in regard to the conversations with Marshall testified to by Bryam, on the ground that they had not been connected in any way with this defendant, and to a denial of that motion his counsel duly excepted; and subsequently he duly moved to dismiss the complaint, and to a denial of that motion he duly excepted.

We think that both of these motions should have been granted. There is an absence of any proof either connecting this defendant with the conversations with Marshall testified to by Bryam or establishing any personal liability of this defendant to the plaintiff's assignor. The respondent seeks to sustain the verdict either on the theory of this defendant having constituted Marshall his agent, of which we find no legal evidence, or on the theory of a subsequent ratification and acceptance by defendant of the services of plaintiff's assignor. This latter theory finds no supoprt in the proofs. Only as an officer of the stock company and a subscriber to one share of its stock did this defendant accept of the work of plaintiff's assignor in organizing the company, and there is no evidence whatever that at that time he knew or was informed that plaintiff's assignor was expecting or claiming to hold him personally responsible. On the contrary, he repudiated such personal responsibility when he was first informed that plaintiff's assignor claimed it against him, and that was long after the services had been performed and acted upon. It is a premise to the doctrine of liability arising out of ratification and acceptance that the party to be charged must have been informed, or have had reason to be aware, that the services which he accepts are being charged against him when they have been ordered by a person other than himself, and not connected with him so as to have become his agent. Such a connection the evidence does not disclose between this defendant and either Marshall or Bolles. If an acquaintance hires a vehicle, and invites me to ride with him, it is true that I participate in the benefits of the hiring, but I am not liable therefor unless I am previously made aware that the vehicle has been hired on the faith of my credit, or unless my friend had some authority from me to hire it. "A promoter is not responsible for the contracts of other promoters in the absence of evidence that he has authorized the others to contract for him, or pledge his credit." Tayl. Priv. Corp. § 77.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

FITZSIMONS, C. J., concurs.